# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Ronald G. Barnes, *et al.*,** Individually and for others similarly Situated, | ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) |
| **RMS Protective Services, *et al.*,** | ) ) ) |
| **Defendants.** | ) |

Case No.  2:23-cv-00342-MHH

## MEMORANDUM OPINION

This collective action under the Fair Labor Standards Act concerns security guards who worked at Warrior Met Coal's mines in Alabama during a strike.  The plaintiffs, on behalf of themselves and similarly situated security guards, allege that the defendants did not pay them overtime compensation that the FLSA requires. (Doc. 105).  Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services filed a cross-complaint against defendant Mithras Protective Services, Inc for breach of contract, equitable indemnity, contribution, and declaratory relief, (Doc. 132), and Mithras has moved to dismiss Allied's crossclaims.  (Doc. 138).[1]  Allied has conceded its indemnity and contribution claims, and it acknowledges that Florida law governs the contract claim.  (Doc. 140).

---

[1] On December 27, 2024, Allied filed its original crossclaim. (Doc. 125).  On February 7, 2025,

1

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a Rule12(b)(6) motion to dismiss, a district court must view the factual allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A district court must accept well-pleaded facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Therefore, in deciding Mithras's motion to dismiss, the Court views the factual allegations in the light most favorable to Allied, the non-moving party.

This FLSA action arises from security officers' request for unpaid overtime wages in connection with their work during a 2021 work stoppage at coal mines in Alabama. (*See generally* Doc. 105). In early 2020, G4S Corporate Risk Services entered an agreement with Mithras pursuant to which Mithras provided "'security personnel [to] perform duties at designated posts'" at the Warrior Met facility. (Doc. 132, p. 3, ¶ 10) (brackets in cross-complaint). On March 11, 2021, in anticipation of a possible strike, Warrior Met Coal contracted with G4S for additional security at the mines in the event of a strike. (Doc. 132, p. 3, ¶ 10). In turn, pursuant to their existing agreement, G4S requested from Mithras additional security personnel to work at the Warrior Met mines. (Doc. 132, p. 4, ¶ 11). In April 2021, Allied

---

Allied filed an amended crossclaim, (Doc. 132), which is the operative crossclaim here.

acquired G4S, and Mithras continued to provide security services to Allied and accept payment from Allied pursuant to the terms of the agreement between G4S and Mithras. (Doc. 132, p. 4, ¶¶ 12–17).

The agreement between G4S and Mithras contains three relevant provisions: an indemnification provision; an assignment provision; and a waiver and severability provision. The indemnification provision provides that Mithras "shall defend, indemnify, and hold harmless G4S and the applicable client from any and all claims, liabilities, losses, causes of action, lawsuits damages and costs or expenses . . . that arise out of or are in any way related to" Mithras's performance, Mithras's breach of the agreement, claims brought by Mithras's employees, or claims that arise from governmental investigations. (Doc. 138-1, p. 6, ¶ 7).[2] The agreement contains a clause permitting assignment in limited circumstances:

> Neither party to this agreement shall assign or transfer, by operation of law or otherwise, any of its rights under this Agreement to any third party without prior written consent of the non-assigning party. For purposes of this Agreement, the term "assign" shall include any merger, consolidation or similar recombination, or the sale or other transfer of a controlling percentage of the capital stock, or the sale of all or substantially all of the assets. Any attempted assignment or transfer in violation of the foregoing will be void.

---

[2] The Court may consider the contract between G4S and Mithras attached to Mithras's motion to dismiss because Allied references the contract in its cross-complaint. *See Edwards v. Dothan City Schs.*, 82 F.4th 1306, 1311 (11th Cir. 2023) ("[W]e will consider outside documents attached to a defendant's motion to dismiss when: (1) the plaintiff mentions the document(s) at issue in the complaint; (2) the document is central to the claim; and (3) the contents are not in dispute, *i.e.*, the document's authenticity is not question." (citing *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (per curiam)).

3

(Doc. 138-1, p. 8 , ¶ 19).  The contract contains a non-waiver provision, which states:

> Failure by either Subcontractor [Mithras] or G4S to enforce any of the provisions of this agreement or any rights with respect hereto shall not be considered a waiver of such provisions or rights, or to in any way affect the validity of this Agreement.  If one or more of the provisions contained in this Agreement are found to be invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions shall not be affected.

(Doc. 138-1, pp. 8–9, ¶ 20) (brackets added).

According to Allied, as the successor to G4S, under the terms of the G4S/Mithras contract, Mithras must "defend, indemnify, and hold harmless Allied Universal and its client from any claims, actions, damages, attorneys' fees, . . . or penalty suffered" due to Mithras's actions, "as well as any other form of liability . . . as a result of the entry into or performance of the agreement."  (Doc. 132, pp. 5, 8, ¶¶ 20, 36).  Mithras has refused to indemnify Allied for the costs Allied has incurred in this litigation and has refused to defend and indemnify Warrior Met.  (Doc. 132, p. 5, ¶¶ 19–21).  Allied alleges that Mithras's failure to do so constitutes a breach of the agreement.  (Doc. 132, pp. 5–6).  Mithras argues that it does not owe Allied a duty to defend or indemnify because Allied was not a party to the agreement between Mithras and G4S, and G4S could not assign its rights to Allied under the terms of the agreement without Mithras's prior written consent.  (Doc. 138, p. 2).  Allied asserts that Mithras waived the right to enforce this non-assignment clause because Mithras accepted payment from Allied and provided security personnel to Warrior

Met for more than 18 months after Allied acquired G4S. (Doc. 132, pp. 7–8, ¶¶ 31–34).

Under Florida law, to state a viable breach of contract claim, a party must allege that a valid contract existed, a material term of the contract was breached, and the non-breaching party incurred damages because of the breach. *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. Dist. Ct. App. 2000). A person who is not a party to, or in privity with, a contract cannot sue for its breach. *Gables Ins. Recovery, Inc. v. Citizens Prop. Ins. Corp.*, 261 So. 3d 613, 618–19 (Fla. Dist. Ct. App. 2018) (citing *White v. Exchange Corp.*, 167 So. 2d 324, 326 (Fla. Dist. Ct. App. 1964)).

"Under Florida law, '[i]t is axiomatic that… [a] party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished.'" *Sacred Heart Sys., Inc. v. Humana Military Healthcare Serv.*, 601 F.3d 1159, 1181 (11th Cir. 2010) (quoting *Hammond v. DSY Devs., LLC*, 951 So.2d 985, 988 (Fla. Dist. Ct. App. 2007)) (brackets and alterations in *Sacred Heart*). "[W]here a party fails to declare breach of contract, and continues to perform under the contract after learning of the breach, it may be deemed to have acquiesced in an alteration of the terms of the contract, thereby barring its enforcement." *Sacred Heart*, 601 F.3d at 1181 (quoting *Acosta v. Dist. Bd. of Trs.*, 905 So. 2d 226, 229 (Fla. Dist. Ct. App. 2005)) (brackets in *Sacred Heart*).

Under Florida law, a court must "enforce [a] contract as plainly written." *Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989, 993 (Fla. Dist. Ct. App. 2014) (brackets added). "Florida courts have consistently enforced [anti-waiver] clauses," which allow parties to circumvent the traditional waiver rules. *Sacred Heart*, 601 F.3d at 1182 (brackets in *Sacred Heart*) (collecting cases); *see also Landstar Global Logistics, Inc. v. Haskins*, No. 3:09-cv-1163-J-JRK, 2012 WL 39514 at *6 (M.D. Fla. Jan. 9, 2012) (finding that the acceptance of non-conforming conduct does not waive a party's enforcement rights with respect to future conduct when a non-waiver provision exists). Thus, a party's contention that a certain contractual provision was waived may be "defeated as a matter of law by the provisions of the contract itself." *Rybovich Boat Works, Inc. v. Atkins*, 587 So. 2d 519, 522 (Fla. Dist. Ct. App. 1991); *see also Sacred Heart*, 601 F.3d at 1182 (recognizing the rule established in *Rybovich*).

Here, Allied has not acquired rights or obligations under the terms of the contract between G4S and Mithras. The terms of the contract expressly prohibit G4S from assigning its rights to Allied without prior written consent. Allied does not allege that it received written consent from Mithras or that Allied and Mithras entered into a separate subcontractor agreement after Allied acquired G4S. Instead, Allied asserts that Mithras's acceptance of non-conforming conduct requires that Mithras indemnify and defend Allied and Warrior Met in this action. Under Florida

law, the non-waiver clause in the G4S/Mithras agreement forecloses this argument; Allied's waiver argument is "defeated as a matter of law by the [anti-waiver provision] itself." *See Atkins*, 587 So. 2d at 522 (brackets added). Therefore, because the G4S/Mithras contract expressly prohibits assignment absent written consent and because subsequent performance does not waive a party's right to enforce the contract as written, Mithras does not owe Allied a duty to indemnify or defend it in this FLSA action.

Accordingly, the Court grants Mithras's motion to dismiss Allied's cross-claims, (Doc. 138; *see* Doc. 143).

**DONE** and **ORDERED** this October 2, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE